**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MAPARO RAMADHAN,**

                                    **Plaintiff,**

          **vs.**                                                    **5:10-CV-103**
                                                                      **(MAD)**

**ONONDAGA COUNTY, ONONDAGA COUNTY**
**SHERIFF'S OFFICE, KEVIN WALSH, in his**
**official capacity as Onondaga County Sheriff,**
**LORENZO BOOKER, WILLIAM PUFKY, TODD**
**CERIO, KATHLEEN VICKERS, JOSEPH O'NEIL,**
**KEVIN MOORE, JANE DEMARCO, DEPUTY WOLFE,**
**DOUGLAS PANINSKI, ANTHONY GORGONI,**
**CHRIS WILSON, NEAL DESTEFANO, and**
**ALEX CAPRILOZZI, all in their official capacities as**
**employees of the Onondaga County Sheriff's Office, and**
**DONNA CONKLIN and NURSE SHIELDS, in their**
**official capacities as nurses employed by Onondaga County,**

                                    **Defendants.**
_____

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**INTRODUCTION**

        The trial of this action is scheduled to commence on May 29, 2012.  Presently before the

Court are the parties' motions _in limine_.

### DISCUSSION

        The purpose of a motion _in limine_ is to allow the trial court to rule in advance of trial on

the admissibility and relevance of certain forecasted evidence.  _See Luce v. U.S._, 469 U.S. 38, 40

n. 2 (1984); _see also Palmieri v. Defaria_, 88 F.3d 136, 141 (2d Cir. 1996) ("[t]he purpose of an _in_

_limine_ motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the

relevance of certain forecasted evidence, as to issues that are definitely set for trial, without

lengthy argument at, or interruption of, the trial'".)  "A motion *in limine* to preclude evidence asks the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Blazina v. Port Auth. of New York and New Jersey*, 2008 WL 4539484, at *1 (S.D.N.Y. 2008).  As the disputes regarding the admissibility of evidence are made outside the context of the trial, the Court's rulings on the motions *in limine* are, "subject to change when the case unfolds, particularly if the actual testimony differs from what was expected".  *Levitant v. City of New York Human Res. Admin*., 2011 WL 795050, at *1 (E.D.N.Y. 2011) (quoting *Luce*, 469 U.S. at 41 ("[o]wing to its preliminary nature, an *in limine* ruling, 'is subject to change when the case unfolds'".)

The Court addresses the parties' multiple requests for relief seriatim.

## DISCUSSION

**I.     Plaintiff's Motion to Preclude Evidence of Underlying Charges**

Plaintiff moves to preclude defendants from introducing evidence of the charges or offenses that plaintiff was accused of when he was arrested on December 28, 2008.  Defendants concede that the specific charges need not be enumerated.  Arrests that did not result in convictions are not admissible as specific instances of conduct under Rule 608(b).  "Arrest without more does not . . . impeach the integrity or impair the credibility of a witness.  It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Kelly v. Fisher*,  1987 WL 16593, at *2 (S.D.N.Y. 1987) (citing *Michelson v. U.S.*, 335 U.S. 469, 482 (1948)); *see also United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980).  As a result, the court will preclude any evidence regarding the charges or offenses plaintiff was accused of when he was arrested. *See Picciano v. McLoughlin*, 2010 WL 4366999, at *2 (N.D.N.Y. 2010).

## II.     Plaintiff's Motion to Preclude Subsequent Arrest

Plaintiff seeks to preclude any evidence relating to his subsequent arrest in September 2011.  Plaintiff admits that he was arrested in September 2011 for "a petty offense, which resulted in a plea to two violations".   Defendants argue that evidence will prove that plaintiff "actively resisted arrest" in September 2011 and that such evidence is admissible to contradict his claim of physical damages.

"[S]ubsequent arrests are probative of plaintiff's claim for emotional damages".  *Picciano v. McLoughlin*, 2010 WL 4366999, at *2 (citing *Ramos v. County of Suffolk*, 707 F.Supp.2d 421, 424 (E.D.N.Y. 2010) (permitting the defendant to question the plaintiff about whether she had ever been arrested prior to and after the incident that was the subject of the litigation because the fact of the arrest "affected the plaintiff's claim for emotional distress damages," but precluding the defendant from "go[ing] into what the reason for the arrest is")).

Here, defendants allege that evidence will contradict plaintiff's claims regarding his physical injuries.  Without having any information regarding the nature of the plaintiff's subsequent arrest, the circumstances surrounding the arrest or any events that transpired, the Court cannot adequately assess either the potential prejudice or the probative value of the evidence.  Because this is a bench trial, there is no prejudice to plaintiff in deferring the ruling on this issue. *Malinowski v. Wall St. Source, Inc.*, 2011 WL 6019245, at *1 (S.D.N.Y. 2011). Plaintiff's motion is denied with leave to renew.

## III.    Plaintiff's Motion for Spoliation Sanctions

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation". *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (the sanction should

"serve the prophylactic, punitive and remedial rationales underlying the doctrine").   The district court is vested with wide discretion in determining the appropriate sanction.  *Reilly v. Nat-West Markets Group, Inc.*, 181 F.3d 253, 267 (2d Cir. 1999).  "The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct which abuses the judicial process".  *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2000)*.*

To secure spoliation sanctions based on the destruction or delayed production of evidence, a moving party must prove that: (1) the party having control over the evidence had an obligation to preserve or timely produce it; (2) the party that destroyed or failed to produce the evidence in a timely manner had a "culpable state of mind"; and (3) the missing evidence is "relevant" to the moving party's claim or defense, "such that a reasonable trier of fact could find that it would support that claim or defense."  *Id.*  If a party has an obligation to preserve evidence, the degree of the party's culpability and the amount of prejudice caused by its actions will determine the severity of the sanctions to be imposed.  *Henkel Corp. v. Polyglass USA, Inc.*, 194 F.R.D. 454, 456 (E.D.N.Y. 2000) (citations omitted).  "Nonetheless, a court should never impose spoliation sanctions of any sort unless there has been a showing—inferential or otherwise—that the movant has suffered prejudice."  *GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc.*,  2012 WL 1414070, at *7 (S.D.N.Y. 2012) (citing *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 441 (S.D.N.Y. 2010) ("It is difficult to see why even a party who destroys information purposefully or is grossly negligent should be sanctioned where there has been no showing that the information was at least minimally relevant.")).

Here, plaintiff argues that defendants failed to preserve: (1) an email from Captain Brisson to Sergeant Barksdale; (2) five minutes of video of the actual struggle and injury to plaintiff; and

(3) a booking video from December 28, 2010.  Defendants contend that plaintiff "deliberately confuses two types of videos - the video made by hand-held camera during a move by the SERT and video recorded by an overhead camera in the booking area of the Justice Center".  Further, defendants claim they had no obligation to preserve the evidence because plaintiff did not file his Petition to file a late Notice of Claim until September 2009.  Plaintiff seeks to preclude defendants from testifying as to what took place during the use of force against plaintiff.  In the alternative, plaintiff seek an adverse inference, attorneys' fees and costs.

### A.    Obligation to preserve

A party has a duty to preserve evidence when it has "notice that the evidence is relevant to litigation, or should have known that the evidence might be relevant to future litigation".  *Fujitsi v. Fed. Exp. Corp.*, 247 F.3d 423, 426 (2d Cir. 2001).  The duty also arises when a substantial number of key personnel anticipate litigation.  *Crown Castle USA Inc. v. Fred A. Nudd Corp.*, 2010 WL , at *9 (W.D.N.Y. 2010).  In cases involving municipalities, a "municipal-wide duty is not imposed simply because one or two employees contemplate the possibility of litigation".  *Toussie v. County of Suffolk*, (E.D.N.Y. 2007) (a handful of county employees anticipating suit is not a substantial number).  Once the duty arises, parties should "suspend routine document and retention/destruction policies".  *Id*. (citations omitted).  This obligation exists regardless of whether the items have been deaamanded during discovery.  *Barsoum v. N.Y.C. Housing Auth.*, 202 F.R.D. 396, 399 (S.D.N.Y. 2001).

Here, defendants concede that "Use of Force" reports were prepared regarding this incident pursuant to New York State regulations which define such instances of force as reportable instances and require a report to be forwarded to a Use of Force Committee within twenty-four hours.  Moreover, defendants admit that SERT recordings were preserved as part of

the Use of Force reports.  Accordingly, defendants could have reasonably anticipated that plaintiff would bring a lawsuit.  *See Matteo v. Kohl's Dept. Stores, Inc*., 2012 WL 760317, at *3-4 (S.D.N.Y. 2012) (the defendant's employee responded to the scene of the plaintiff's accident and completed an incident report which was forwarded to Defendants' headquarters). Thus, defendants were obligated to preserve evidence relating to the incident.

### B.    Culpability

A party's failure to comply with the obligation to preserve evidence is insufficient by itself to support an adverse inference charge. The spoliator must also have acted "with a culpable state of mind." *Residential Funding Corp.*, 306 F.3d at 108.  The Second Circuit has held that the "culpable state of mind" factor is satisfied by a showing that the evidence was destroyed "knowingly, even if without intent to [breach a duty to preserve it], or negligently.  *Pastorello v. City of New York*, 2003 WL 1740606, at *10 (S.D.N.Y. 2003) (citing *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d, 93 109 (2d Cir. 2001)).  Simple or ordinary negligence is, "a sufficiently culpable 'state of mind' for the purposes of spoliation".  *Wade v. Tiffin Motorhomes, Inc*., 686 F.Supp.2d 174, 194 (N.D.N.Y. 2009).

Defendants admit that the booking tapes were erased pursuant to the retention policy. However, defendants concede that the SERT tapes were preserved as part of the Use of Force Report.  While plaintiff has failed to establish that any of the booking tapes were destroyed in "bad faith", defendants were negligent in their handling of the booking tapes.  *See Longview Fibre Co. v. CSX Transp., Inc*.,  526 F.Supp.2d 332, 341 (N.D.N.Y. 2007) (the evidence indicates that CSX disposed of or misplaced the plaintiff's either knowingly or negligently, but in any event with the necessary state of mind).

### C.     Relevance

Relevant evidence is evidence that a reasonable trier of fact would find supports the party's claim or defense. *Residential Funding*, 306 F.3d at 107. "When a party destroys evidence in bad faith, the bad faith alone is sufficient circumstantial evidence from which a reasonable fact finder could conclude that the missing evidence was unfavorable to that party". *Id*. at 109. If a party destroyed evidence through negligence then there must be extrinsic evidence to demonstrate that the destroyed evidence was relevant and would have been unfavorable to the destroying party. *Great Northern Ins. Co v. Power Cooling, Inc.*, 2007 WL 2687666, at *11 (E.D.N.Y. 2007) (citation omitted). Typically, deposition testimony is used to establish relevance. *Id*. The party seeking the sanctions must adduce sufficient evidence from which a reasonable trier of fact could infer that "the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction". *Kronisch v. U.S.*, 150 F.3d 112, 127 (2d Cir. 1998). "Courts must not hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed evidence, because doing so would allow parties who have destroyed evidence to profit from that destruction." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd.*, 769 F.Supp.2d 269, 290 (S.D.N.Y. 2011) (citations omitted).

### 1.     Email

With respect to the email from Captain Brisson to Sergeant Barksdale, plaintiff presents only cursory arguments. Plaintiff has not submitted sufficient proof to establish that the email existed and vaguely argues, "the email from Captain Brisson to Sergeant Barksdale is relevant to the subjectivity of the Sheriff Department reports". Plaintiff has failed to establish that the subject email was relevant and that it would have been favorable to his claims. Accordingly, plaintiff's motion for spoliation sanctions based upon the email is denied. *Mohammed v. Delta*

*Air Lines, Inc*., 2011 WL 5553827, at *7 (E.D.N.Y. 2011) (citing *Stephen v. Hanley*, 2009 WL 1437613, at *2 (E.D.N.Y. 2009) (denying a plaintiff's motion for spoliation sanctions because the plaintiff could not establish the existence of the alleged evidence that formed the basis of the motion)).

### 2.    SERT Video

In opposition to the motion, defendants concede that there was a video made by a hand-held camera during a move by SERT but assert that plaintiff, "has everything in his possession that defendants have". Plaintiff has not provided any evidence establishing that there are any additional recordings or videos that exist beyond what he was previously provided.   Moreover, plaintiff has not established that any such video is relevant or favorable to his claim. Accordingly, plaintiff's motion for spoliation sanctions based upon any additional SERT videos is DENIED.  If it becomes evident during trial that additional videos were taken and not preserved or provided to plaintiff, plaintiff may make the appropriate objections at that juncture.

### 3.    Booking Video

Defendants contend that the booking video "does not exist" as it was "taped over within 100-120 days of the occurrence".  Defendants claim that they are not in possession of said video. The booking video, "could contain evidence helpful to either side, or to neither side more than the other". *See Abramowitz v. Inta-Boro Acres Inc*.  1999 WL 1288942, at *5-6 (E.D.N.Y. 1999). However, plaintiff's argument are somewhat disingenuous.  Plaintiff moved to preclude any evidence relating to the underlying offense or arrest.  However, plaintiff now argues that the booking video is relevant and that it contains evidence that is favorable to his position.  Based upon these conflicting assertions, at this juncture, plaintiff has not established any prejudice from

the destroyed evidence.  Accordingly, plaintiff's motion for spoliation sanctions with respect to the booking video is denied.

However, defendants are cautioned that to the extent that they attempt to introduce any videos or testimony/evidence relating to the content of any videos that plaintiff was not given the opportunity to inspect, any such testimony or evidence would be unreliable and unfairly prejudicial.  *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp*, 982 F.2d 363, 369 (9th Cir. 1992) (upholding the exclusion of expert testimony based upon improperly destroyed evidence); *see also James v. Artus*, 2005 WL 859245, at * (S.D.N.Y. 2005) (the Court precluded all testimony and evidence regarding the contents of the subject video).

## IV.    Defendants' Motion to Preclude Evidence of Failure to Train and Supervise

Defendants have filed a motion *in limine* seeking to preclude evidence relating to, "the alleged failure of defendants to properly train and supervise their custody deputies and staff, on the ground that such would be prejudicial to defendants where such a cause of action is barred".

Defendants motion is an improper attempt to seek substantive rather than evidentiary relief.  Defendants previously moved for summary judgment and dismissal of plaintiffs' federal claims. On that motion, defendants failed to present any substantive argument in support of summary judgment and dismissal of plaintiff's state law claims.  On this motion, defendants do not present any argument regarding the admissibility of this evidence nor have they argued that it is barred as hearsay or for some other procedural reason.  Rather, defendants improperly attempt to obtain dispositive relief in the guise of a motion *in limine*.  *See NIC Holding Corp. v. Lukoil Pan Americas,* 2009 WL 996408, at *2 (S.D.N.Y. 2009). Therefore, defendants' motion, on this ground, is DENIED.

**V.      Defendants' Motion to Preclude Evidence of Failure to Provide an Interpreter**

Defendants move to preclude this evidence arguing, "that admission of such evidence would be prejudicial to defendants, as they had no duty to provide plaintiff with an interpreter". Defendants fail to specify what evidence that they seek to preclude and present dispositive not evidentiary arguments.   For the reasons set forth in Part IV, this motion is denied.

**VI.      Defendants' Motion to Preclude Evidence of Negligent Use of Force**

Defendants move to preclude this evidence arguing that a claim for negligent use of force is not recognized under New York law.  Defendants fail to specify what evidence that they seek to preclude and present dispositive not evidentiary arguments.  For the reasons set forth in Part IV, this motion is denied.

**VII.      Defendants' Motion to Preclude Evidence of Lack of Medical Care/Attention**

Defendants move to preclude any testimony or evidence with regard to defendants alleged failure to provide adequate care or medical attention to plaintiff on December 30, 2008.   Plaintiff argues that defendants were obligated to keep him safe while in the jail and that includes the duty to provide him with adequate and timely medical care.

In the amended complaint, plaintiff's First Cause of Action is entitled "Negligence" and contains the following assertions:

> Defendants had a legal duty to protect Plaintiff Ramadhan's physical safety, as well as his constitutional and statutory rights, when they incarcerated him in the Onondaga County Justice Center, thereby depriving him of the ability to protect his own physical safety and secure his own rights.

> Defendants breached this duty to the Plaintiff when they negligently failed to obtain interpreting services for the Plaintiff before processing him through the Justice Center and attempting to transport him to Court.

10

> Defendants further breached their duty to the Plaintiff when they negligently used excessive force in restraining the plaintiff while attempting to transport him to court.
>
> Defendants failed to recognize that the source of Plaintiff's non-cooperation was his inability to communicate with the custody deputies and understand their instructions, and instead interpreted his lack of cooperation as intentional resistance to their commands.
>
> There was no emergency requiring that the Plaintiff be restrained and transported prior to the language barrier being resolved. Plaintiff was no threat to himself or others in his holding cell.
>
> Defendants' negligent failure to obtain interpreting services before attempting to transport the Plaintiff, and their negligent use of force in restraining him to secure transport, proximately caused the Plaintiff's injuries.
>
> As a result of Defendants' negligence, Plaintiff has and will continue to suffer from physical injuries, physical, mental and emotional pain and suffering, and economic damages.
>
> Defendants Onondaga County, Onondaga County Sheriff's Office and Kevin Walsh are responsible for the negligent acts of their individual employees under the doctrine of respondeat superior.

Plaintiff's alleged physical and emotional injuries are at issue in this matter. However, in the prior Memorandum-Decision and Order, Magistrate Judge Lowe dismissed plaintiff's eighth cause of action regarding the denial of medical treatment. While plaintiff claims, in his opposition, that he asserted a claim for negligence in providing timely and adequate medical care, plaintiff's amended complaint does not contain any such cause of action. (Dkt. No. 12).

At this juncture, the Court is hindered in any effort to rule on evidentiary questions outside a factual context. *See Luce*, 469 U.S. at 41; *see also Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009) (it is difficult to determine whether testimony will be cumulative or irrelevant before it is actually proffered). "The Court is unwilling to speculate, pretrial, as to what statements any witness will or will not make during

trial." *Picciano*, 2010 WL 4366999, at *5.  At the time of trial, if plaintiff seeks to introduce evidence and/or testimony relating to any claims that were previously dismissed by this Court, defendants shall make the appropriate objections at the time of trial.   Defendants' motion to preclude this evidence is denied with leave to renew.

**VII.  *Res Ipsa Loquitur***

In opposition to defendants' motions *in limine*, plaintiff set forth additional arguments relating to *res ipsa loquitur*.  Plaintiff did make any arguments relating to *res ipsa loquitur* in his motions *in limine*.  Now, in his Memorandum of Law in Opposition to Defendants' Motions *in limine,* plaintiff advises the Court that he may request that the Court consider the doctrine at the close of the evidence.  This issue is not properly before the Court at this time.  Plaintiff may raise this issue and make any appropriate motions regarding *res ipsa loquitur* at the time of trial.

**CONCLUSION**

**It is hereby**

**ORDERED**, that plaintiff's motion *in limine* for spoliation sanctions (Dkt. No. 58) is **DENIED**; it is further

**ORDERED**, that plaintiff's motion *in limine* to preclude evidence of plaintiff's underlying charges and preclude evidence relating to plaintiff's underlying arrest (Dkt. No. 73) is **GRANTED**; it is further

**ORDERED**, that plaintiff's motion *in limine* to preclude evidence of plaintiff's subsequent arrest and plea (Dkt. No. 73) is **DENIED WITH LEAVE TO RENEW**; it is further

**ORDERED**, that defendants' motions *in limine* (Dkt. Nos. 65, 66 and 67) are **DENIED**; it is further

**ORDERED**, that defendants' motion *in limine* (Dkt. No. 68) is **DENIED WITH LEAVE TO RENEW.**

**IT IS SO ORDERED.**

Dated:  May 24, 2012
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

13